HUNT, Insurance Commissioner of Pennsylvania, v. PUBLIC MUT. BEN. FOUNDATION.

No. 6471.

Circuit Court of Appeals, Third Circuit.

Feb. 9, 1938.

Charles J. Margiotti, Atty. Gen., and N. L. Wymard and Clement J. Reap, both of Harrisburg, Pa., for appellant.

Ralph W. Rymer, of Scranton, Pa., Archibald Palmer, of New York City, and Kappes & Hille, of Union City, N. J., for appellee.

Before BUFFINGTON and DAVIS, Circuit Judges, and DICKINSON, District Judge.

BUFFINGTON, Circuit Judge.

In the court below the Public Mutual Benefit Foundation, a corporate citizen of New Jersey, hereafter called Benefit, filed a bill in equity against Owen B. Hunt, Insurance Commissioner of the Commonwealth of Pennsylvania, hereafter styled Commissioner, praying he be enjoined "from attempting to interfere with the business of" Mutual Benefit. On final hearing the court held that "the business which the plaintiff seeks to carry on is not an insurance business," and granted the injunction prayed for. Thereupon Commissioner took this appeal and the question involved, as stated by Benefit, is "whether or not the plaintiff-appellee is or is not carrying on an insurance business in the Commonwealth of Pennsylvania."

It will thus be seen that no principle or precedent is involved, so we do not feel called on to minutely discuss the somewhat complicated, interlocking corporate agencies by which an alleged insurance beneficiary is brought into relations with Mutual Benefit.

The basic consideration is that a person who buys goods from a selected store receives coupons and, when his coupons amount to a certain sum, he was led to believe, from the advertisements, that, to quote therefrom, he would be entitled to "Death benefits—up to $400; Hospital care —up to $105; Maternity benefits—$100 to $2500." The inducing advertisement further stated:

"To thank you for your trade * * * prominent merchants in this city will soon offer you a new plan for Family Security. All you have to do is to trade at their stores, it will not cost you one cent EXTRA. In return for your purchases at these stores you will be entitled to Death Benefits, Hospital care or Maternity Benefits * * * any one or ALL of which you can secure. The ONLY obligation is that you buy from the stores using this plan.

"Isn't this simple? Isn't this just what you have always wanted? Family Security and Benefits in case of death or emergencies. Now you can obtain them easily, simply, at no expense at all."

Bearing in mind, as said in Commonwealth v. Fidelity Land Value Assur. Co., 312 Pa. 425, 167 A. 300, 302, that "it is the duty of the court to look through the forms in which the parties state their relations to ascertain whether in fact the relation of insurer and insured exists," it is clear that the inducing factor in the individual buying from certain stores in preference to others is that he or she would receive insurance benefits. If such was not the case, the advertisements were misleading and fictitious. On the other hand, if the individual did acquire insurance benefits, he or she was entitled to the supervising care of the state in overseeing the insurance involved.

Regarding substance and considering the real thing involved, we are of opinion the Insurance Commissioner should not be enjoined from exercising the salutary supervision which experience has shown is necessary to protect the insured. So regarding, the record will be remanded to the court below with instructions to dismiss the bill.